# UNITED STATES DISTRICT COURT
## Western District of Texas
## Midland/Odessa Division

| | | |
|---|---|---|
| **Carlos Esquivel**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Downhole Technology LLC, National Boss Hog Energy Services LLC and The Wellboss Company LLC**<br><br>Defendant | § § § § § § § § § § § § § | <br><br><br><br>CA No: 7:20-cv-38<br><br><br><br>Class and Collective Action<br>Jury Demanded |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Carlos Esquivel ("**Plaintiff**") brings this action individually and on behalf of all others similarly situated against Downhole Technology LLC **("Downhole Technology"),** National Boss Hog Energy Services LLC ("**Boss Hog**") and The Wellboss Company LLC **("Wellboss")** (Downhole Technology, Boss Hog and Wellboss collectively "**Defendants**") and in support shows the Court the following:

1. **STATEMENT OF THE CASE**

    1.1. The federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., (the "**FLSA**") and the New Mexico Minimum Wage Act **("NMMWA"),** N.M. Stat. Ann. § 50-4-19, *et seq*. contain various rules regarding employee wages and working hours. Defendants violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This class and collective action seeks to recover

    damages and backpay to compensate all current and former employees of Defendant for these wage violations.

1.2. The Plaintiff and the Class/Collective Members, well site performance technicians, who were non-exempt oil field workers, were paid a salary and a day rate without any allowance for overtime pay. This violates the FLSA and the NMMWA.

## 2. PARTIES, JURISDICTION, AND VENUE

2.1. Plaintiff, a former employee of Defendants, is an individual and resident of the State of Texas. His notice of consent to sue is attached.

2.2. Defendant Downhole Technology is a limited liability company corporation doing business in Texas. It has an office in this District and Division. In 2013 it merged with Boss Hog adopting the surviving name of Downhole Technology.

2.3. Defendant Boss Hog is a Texas limited liability company doing business in Texas. It has an office in this District and Division.

2.4. Defendant Wellboss is a Texas corporation doing business in Texas. It has an office in this District and Division.

2.5. On September 30, 2019 Downhole Technology merged with Resource Well Completion Technologies to create Wellboss.

2.6. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2.7. Plaintiff requests that this Court exercise its supplemental jurisdiction over the New Mexico state law claims. 28 U.S.C. § 1367.

2.8. Venue is proper under 28 U.S.C. §1391(b).

3. **FACTUAL BACKGROUND**

   3.1. Defendants design and manufacture well completion technology, delivering data-driven performance and cost-effective solutions for operators looking to optimize their frac operations.

   3.2. Defendants have a footprint in the most active U.S. basins, including the Permian, Marcellus, Utica, Eagle Ford, Rockies, Bakken, and Mid-Continent, among others.

   3.3. Within the last three years Plaintiff was employed by Defendants as a well site performance technician.

   3.4. Plaintiff's job responsibilities consisted of manual labor tasks working on frac jobs, toe preps and running composite frac plugs at well sites, as directed by Defendants.

   3.5. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performed were routine and did not require the exercise of independent judgment or discretion.

   3.6. This lawsuit covers the period of time Plaintiff and the putative Class/Collective Members were treated as exempt employees for purposes of the FLSA and the NMMWA and were not paid time and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week (the "**Relevant Period**").

   3.7. Plaintiffs and the Putative Class/Collective Members routinely worked more than 40 hours in a work week during the Relevant Period. Plaintiffs and the putative Class/Collective Members worked 14 days on and 7 days off. Plaintiffs and the putative Class/Collective Members worked at least 12 hours per day during their 14 day on shift and on many days more hours than 12.

3.8. During a typical "on" week during the Relevant Period, Plaintiffs and the putative Class/Collective Members would work at least 84 hours and oftentimes many more.

3.9. Additionally, at times Plaintiff and the putative Class/Collective Members would work on what was scheduled as a day off.

3.10. Defendants treated Plaintiff and the putative Class/Collective Members as exempt employees and did not track hours worked or pay overtime.

3.11. Defendants paid Plaintiff and the putative Class/Collective Members a salary and/or a day rate for each day work was performed.

3.12. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the putative Class/Collective Members.

3.13. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. 29 U.S.C. § 211 (c). Defendants failed to do so.

4. **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

4.1. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

**All oil field well site performance technicians of Defendants who were paid a salary and/or day rate and no overtime and who worked more than 40 hours in one or more individual workweeks in the state of New Mexico beginning three years prior to the date of the filing of this lawsuit.**

4.2. This action is properly brought as a class action for the following reasons:

4.2.1. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds forty.

4.2.2. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

4.2.3. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4.2.4. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

4.3. Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Collective Members. Plaintiff and Collective Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Defendants' common practice, policy or plan regarding employee wages and hours.

4.4. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Collective as follows:

**All nationwide oil field well site performance technicians of Defendants who were paid a salary and/or day rate and no overtime and who worked more than 40 hours in one or more individual workweeks beginning three years prior to the date of the filing of this lawsuit.**

4.5. Plaintiff's experiences are typical of the experiences of the putative Class/Collective Members.

4.6. The specific job titles or precise job locations of the various putative Class/Collective Members do not prevent class or collective treatment.

5. **FIRST CLAIM FOR RELIEF – Collective Action (Violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.)**

5.1. Plaintiff incorporates by reference all of the above paragraphs.

5.2. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the FLSA.

5.3. Defendants are an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

5.4. At all relevant times, Defendants have had gross annual volume of sales in excess of $500,000.

5.5. At all relevant times, Defendants have employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

5.6. Plaintiff was an employee of Defendants within the meaning of the FLSA.

5.7. While employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. Plaintiff and the Class/Collective Members specifically handled and used materials that traveled in interstate commerce such as oil field equipment.

5.8. Two or more of Defendants' employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendants' employees used/use:

5.8.1. Oil field equipment that has been manufactured and shipped across state lines;

5.8.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

5.8.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

5.8.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

5.8.5. The United States postal system to send mail across state lines; and

5.8.6. the interstate banking systems to pay Defendants' employees.

5.9. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

5.10. As a result, Plaintiff and Collective Members has been damaged in an amount to be determined at trial.

6. **SECOND CLAIM FOR RELIEF – Class Action Cause of Action: Failure to Pay Wages in Accordance with the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, et seq.**

6.1. Plaintiff incorporates by reference all of the above paragraphs.

6.2. During their employment, Plaintiff and the Class Members were "employees" of Defendants as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(c).

6.3. During their employment, Defendants were Plaintiff's and the Class Members' "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

6.4. This count arises from Defendants' violations of the NMMWA by failing to pay overtime to Plaintiff and the Class Members when they worked over 40 hours in individual workweeks.

6.5. Defendants classified Plaintiff and the Class Members as exempt from the overtime provisions of the NMMWA.

6.6. Plaintiff and the Class Members were not exempt from the overtime provisions of the NMMWA.

6.7. Plaintiff and the Class Members was regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

6.8. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate the NMMWA by failing to pay Plaintiff and the Class Members overtime at one and one-half times their regular rate of pay when they worked over 40 hours in individual workweeks.

6.9. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

7. **DOCUMENT PRESERVATION**

7.1. As part of discovery, Plaintiff will be requesting certain documents and information from Defendants. Please note the document preservation instructions attached hereto.

8. **REQUEST FOR RELIEF**

   8.1. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members/Collective Members and against Defendants as follows:

   8.1.1. Determining that the action is properly maintained as a class action under FRCP 23, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for the Class Members;

   8.1.2. Determining that the action is properly maintained as a collective action under the FLSA, certifying Plaintiff as the collective representative, and appointing Plaintiff's counsel as counsel for the Collective Members;

   8.1.3. Ordering prompt notice of this litigation to all potential Class/Collective Members;

   8.1.4. Awarding Plaintiff and Class/Collective Members declaratory and/or injunctive relief as permitted by law or equity;

   8.1.5. Awarding Plaintiff and Class/Collective Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   8.1.6. Awarding Plaintiff and the Class/Collective Members all damages and penalties available under the NMMWA that accrued after Defendant initiated its illegal overtime misclassification policy;

   8.1.7. An amount equal to twice their unpaid wages as liquidated damages under the NMMWA;

   8.1.8. Awarding Plaintiff and Class/Collective Members their pre-judgment, post-judgment and moratory interest as provided by law;

8.1.9. Awarding Plaintiff and Class/Collective Members liquidated damages and/or statutory penalties/interest as provided by law; and

8.1.10. Awarding Plaintiff and Class/Collective Members such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
     Chris R. Miltenberger
     Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

# DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, Preservation of Documents, ABA Civil Discovery Standards (Aug. 2004). This duty "applies to information stored in an electronic medium or format..." Id. at Standard 29.

- Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.