United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS ESQUIVEL, et al., | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-00181 |
| | § | |
| DOWNHOLE TECHNOLOGY, LLC, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is The WellBoss Company LLC's Motion for the Court to Deny Supplemental Jurisdiction Over Plaintiffs' State Law Claims. Dkt. 83. After carefully reviewing the motion, the response, and the reply, as well as the applicable law, I recommend that the motion be **DENIED**.[1]

## BACKGROUND

Carlos Esquivel originally brought this lawsuit in February 2020 against Defendants Downhole Technology LLC, National Boss Hog Energy Services LLC, and The WellBoss Company LLC ("WellBoss") (collectively, "Defendants") on behalf of himself and other similarly situated individuals to recover allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA") and New Mexico state law. Over time, 58 individuals have opted-in to this lawsuit. The Third Amended Class and Collective Action Complaint, filed on May 7, 2021, alleges causes of action under the FLSA and its state counterparts in five states: Colorado, New Mexico, North Dakota, Ohio, and Pennsylvania. Plaintiffs contend that Defendants violated these federal and state wage-and-hour laws by failing to compensate employees at time and one-half their regular rate of pay for all

---

[1] Because this motion asks me to exercise my discretion and dismiss state-law claims from this lawsuit, it is, in effect, a dispositive motion for which I am required to issue a Memorandum and Recommendation. *See* FED. R. CIV. P. 72(b)(1).

overtime hours worked. The FLSA claims are brought as a collective action; the New Mexico state-law claims are brought as a putative class action; and the remaining state-law claims are brought individually by selected Plaintiffs.

Although there is no question that this Court possesses original jurisdiction over the FLSA claims, WellBoss asks me to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## DISCUSSION

When there is original jurisdiction due to a federal question, federal law provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

In this case, the operative facts underlying the FLSA and state-law claims are essentially the same. Plaintiffs, all of whom acted as Wellsite Performance Advisors in the oil field servicing business, contend that they were improperly paid an annual amount plus a day rate with no allowance for overtime pay. To address the FLSA and state-law claims, the parties will rely substantially on the same operative facts. Each Plaintiff will need to show that he was an employee, worked more than 40 hours per week, and was not paid time and one-half for overtime.

Even though supplemental jurisdiction may be proper, 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction over a claim if: (1) 'the claim raises a novel or complex issue of State law'; (2) 'the claim substantially predominates over the claim or claims over which the district court has original jurisdiction'; (3) 'the district court has dismissed all claims over which it has original jurisdiction'; or (4) 'in exceptional circumstances, there are other compelling reasons for declining jurisdiction.'" *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1367(c)). In deciding whether to relinquish supplemental jurisdiction, a district court looks "to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas*

*Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). "In examining these grounds, the Court balances both its responsibility to manage complex litigation, requiring it to determine whether to exercise supplemental jurisdiction over pendent claims and parties and its discretion in evaluating whether an exercise of supplemental jurisdiction furthers the values of economy, convenience, fairness, and comity." *Jackson v. City of San Antonio*, 220 F.R.D. 55, 59 (W.D. Tex. 2003) (cleaned up). Federal courts may exercise their supplemental jurisdiction over state-law claims that are pled concurrently with an FLSA collective action, but this is a matter of the district court's wide discretion, "not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). *See also D'Onofrio*, 888 F.3d at 206 (evaluating a district court's decision on whether to exercise supplemental jurisdiction over state-law claims under a highly deferential abuse-of-discretion standard); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (same).

WellBoss asks me to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims because: (1) "Plaintiffs' New Mexico state law claims raise a novel or complex issue of state law that should be adjudicated by the New Mexico state courts"; (2) "Plaintiffs' state law claims substantially predominate over the federal law claims that create the Court's original jurisdiction"; and (3) "Plaintiffs' myriad and sundry patchwork of federal and state law claims has created exceptional circumstances under which there are other compelling reasons for declining supplemental jurisdiction." Dkt. 83 at 3. I will address each argument separately.

## A.   NOVEL OR COMPLEX ISSUES OF STATE LAW

As noted, a district court has the discretion to dismiss a claim supported only by supplemental jurisdiction when the claim raises a novel or complex issue of state law. *See* 28 U.S.C. § 1367(c)(1). "In determining whether an issue of state law is novel or complex, district courts examine the difficulty of the state law issue and the amount of state decisional law interpreting the particular provisions." *Mendoza v. United States*, 481 F. Supp. 2d 643, 646–47 (W.D. Tex. 2006) (citing

13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3523.1 (2d ed. 2006)). These considerations serve to inform an inquiry into whether state-law claims "present . . . novel or especially unusual questions which cannot be readily and routinely resolved by the court." *Newport Ltd. v. Sears, Roebuck & Co*., 941 F.2d 302, 308 (5th Cir. 1991).

WellBoss maintains that the proper statute of limitations for claims brought under the New Mexico Minimum Wage Act ("NMMWA") is uncertain, thus qualifying as a novel or complex issue that should be left to the New Mexico state courts to decide. Plaintiffs summarily dismiss this argument, noting that a federal district court in New Mexico has squarely addressed this legal issue, holding that the New Mexico statute in dispute, N.M. Stat. 1978, § 50-4-32, provides for an unlimited statute of limitations. *See Felps v. Mewbourne Oil Co., Inc*., 336 F.R.D. 664, 680–81 (D.N.M. 2020). Although it is true that no New Mexico state court has opined on the proper limitations period for an NMMWA claim, the fact that a federal court in New Mexico (interpreting New Mexico law) has addressed the issue indicates to me that there is nothing particularly novel or complex that requires me to decline supplemental jurisdiction over the NMMWA claims.

WellBoss suggests that anytime an NMMWA claim is brought before a federal district court, that federal court should step aside and allow New Mexico state courts to handle any unresolved issues of New Mexico's statutory wage and hour law regime. That position is quite extreme and would result in federal courts—both in New Mexico and elsewhere—refusing to handle any case involving the NMMWA. I do not believe there is anything wrong with a federal judge located in Texas applying the NMMWA, and many other federal judges here in the Lone Star State seem to agree with me. *See, e.g*., *Campos v. W&W Energy Servs., Inc*., No. MO:20-CV-102-DC-RCG, 2021 WL 8082317, at *4 (W.D. Tex. July 20, 2021) (holding that "there is no such novel or complex issues of state law that would compel the Court to decline to exercise supplemental jurisdiction over the NMMWA claims"); *McLeland v. 1845 Oil Field Servs*., 97 F. Supp. 3d 855, 865–66

(W.D. Tex. 2015) (denying request to dismiss NMMWA claims in an FLSA case); *Castillo v. Hernandez*, No. EP-10CV-247-KC, 2011 WL 2489910, at *1 (W.D. Tex. June 17, 2011) (noting the district court was handling both FLSA and NMMWA claims).

The particular facts in this case highlight why it would be illogical for me to relinquish jurisdiction over the NMMWA claims. Plaintiffs' employment agreements include a venue provision that requires all employment-related claims to be heard by a court located in Houston, Harris County, Texas. As a result, if I decline jurisdiction over the NMMWA claims, Plaintiffs will be forced to file a claim for relief in Texas state court. As Plaintiffs observe:

> There is no reason to believe that such state court is more qualified to interpret New Mexico wage claim law than this Court. There is also no reason to think that forcing a Harris County state district court to hear a New Mexico state claim for overtime (when this Court has the same operative facts before it) and forcing the Harris County state district court to rule on issues of New Mexico state law is in any way furthering the values of economy, convenience, fairness, and comity.

Dkt. 84 at 10–11 (quotation omitted). I wholeheartedly agree.

To summarize, I do not believe there is a novel or complex issue of state law that compels me to decline to exercise supplemental jurisdiction over the NMMWA claims brought by Plaintiffs.

## B.   PREDOMINATE STATE OR FEDERAL CLAIMS

Section 1367(c)(2) authorizes a district court to decline supplemental jurisdiction over a state-law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

A state-law claim substantially predominates if it "constitutes the real body of a case, to which the federal claim is only an appendage." *Gibbs*, 383 U.S. at 727. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution

to state tribunals." *Id.* at 726–27. "The circuit courts addressing supplemental jurisdiction in FLSA cases unanimously hold that when the state law claims essentially replicate the FLSA claims—they plainly do not predominate." *McLeland*, 97 F. Supp. 3d at 865 (quotation omitted).

WellBoss contends that "the state law claims predominate" because "they would require substantial additional testimony and proof beyond that required for the FLSA action." Dkt. 83 at 9 (cleaned up). I respectfully disagree. I fully expect that the overwhelming majority of evidence introduced for both the FLSA claims and the state-law claims will be the same. Although the various state wage-and-hour laws at issue are not, in all respects, identical to the FLSA or, for that matter, each other, I do not "see how any potential differences in the application of the FLSA and the [various state laws at issue] would cause the [state-law] claims to substantially predominate over the FLSA claims." *Campos*, 2021 WL 8082317, at *3. This is especially true since the various state laws raised by Plaintiffs all contain similar provisions to the FLSA, and courts interpreting the state statutes at issue interpret them in tandem with the FLSA. *See Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016) ("Because the FLSA and the [Ohio Minimum Fair Wage Standards Act] have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together."); *Sida v. Pintura Constr. LLC*, No. 2:18-cv-806, 2018 WL 6258604, at *1 (W.D. Pa. Nov. 30, 2018) ("The Court will analyze Plaintiff's FLSA and [Pennsylvania Minimum Wage Act] claims together because the statutes parallel each other in requiring employers to compensate employees for overtime hours worked, and have an identical standard of liability." (cleaned up)); *McLeland*, 97 F. Supp. 3d at 865 ("The FLSA does not expressly or impliedly conflict with the NMMWA. The two laws work in tandem."); *State ex rel. Storbakken v. Scott's Elec., Inc.*, 846 N.W.2d 327, 330 (N.D. 2014) ("North Dakota's labor laws on disputes over unpaid wages generally parallel the provisions of the FLSA."); *Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App.

2000) (holding that because the FLSA does not preempt the Colorado Wage Claim Act, a plaintiff is entitled to "assert claims for relief under both statutes").

In short, the FLSA and state-law claims asserted by Plaintiffs "raise similar issues and derive from a common nucleus of operative fact[s]." *Campos*, 2021 WL 8082317, at *3. Because "[t]he state law claim[s] will not require extra proof, raise a substantially broader scope of issues, or a more comprehensive remedy," *McLeland*, 97 F. Supp. 3d at 866, I conclude that Plaintiffs' state-law causes of action do not predominate the FLSA claims.

## C. EXCEPTIONAL CIRCUMSTANCES FOR DECLINING SUPPLEMENTAL JURISDICTION

WellBoss also asks me to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims because exceptional circumstances exist that weigh against exercising federal jurisdiction. *See* 28 U.S.C § 1367(c)(4). Plaintiffs appear to conflate this statutory requirement with the Supreme Court's mandate that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). To be safe, I will address both arguments in this section.

According to WellBoss,

- Simultaneously managing an FLSA collective action, a New Mexico class action, and individual claims under Pennsylvania, Colorado, North Dakota, and Ohio laws in one lawsuit is unwieldy and an inefficient use of judicial resources;

- The multiple differences between the FLSA and the various state laws make litigating all claims in one lawsuit an unwieldy and inefficient use of judicial resources; and

- The overlap of Plaintiffs' claims under the FLSA and five different states' laws makes litigating all claims in one lawsuit an unwieldy and inefficient use of judicial resources.

Dkt. 83 at 3 (footnote omitted).

I am not persuaded. Far from resulting in an "unwieldy and inefficient use of judicial resources," as WellBoss suggests, I firmly believe that litigating the FLSA claims and the state-law counterparts in a single forum will avoid needless litigation expenses and promote judicial economy. The state and federal claims at issue significantly overlap, arising out of Plaintiffs' employment relationship with Defendants. It makes little sense to split this one case into six separate lawsuits— one FLSA case and five separate lawsuits addressing a particular state's wage-and-hour laws—requiring six judges and six juries to handle discreet pieces of the same puzzle. As Plaintiffs note: "Having multiple courts draw conclusions about the same set of facts serves no purpose and wastes time and money. Instead, it risks having multiple courts come to contradictory conclusions." Dkt. 84 at 19. It is much more efficient to have one judge and one jury handle all the overtime matters between Plaintiffs and Defendants. "[C]onsiderations of judicial economy, convenience and fairness to litigants" thus tilt heavily in favor of hearing the state-law claims at the same time as the FLSA claims. *Gibbs*, 383 U.S. at 726.

Although the Fifth Circuit has yet to weigh in, the clear trend at the circuit court level is to allow state-law wage-and-hour class actions to proceed at the same time as an FLSA collective action. The Second, Seventh, Ninth, Eleventh, and D.C. Circuits, as well as numerous district courts, have held that district courts may exercise supplemental jurisdiction over state-law claims of putative class members while handling an FLSA collective action. *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 510 (2d Cir. 2020)("Because FLSA and state law claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the state law claims as a class action under the district court's supplemental jurisdiction." (cleaned up)); *Calderone v. Scott*, 838 F.3d 1101, 1103–04 (11th Cir. 2016) ("[W]e conclude that an FLSA collective action and a Rule 23(b)(3) state-law class action may be maintained in the same proceeding. We join

the D.C., Second, Third, Seventh, and Ninth Circuits in so holding. . . . [T]he FLSA's plain text does not indicate that a collective action and a state-law class action cannot be maintained at the same time."); *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 530 (9th Cir. 2013) ("[W]e agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims."), *rev'd on other grounds*, 574 U.S. 27 (2014); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) ("Nothing in the text of the FLSA or the procedures established by the statute suggests either that the FLSA was intended generally to oust other ordinary procedures used in federal court or that class actions in particular could not be combined with an FLSA proceeding."); *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 424–25 (D.C. Cir. 2006) (explaining "[w]e do not view the difference between the opt-in procedure provided by section 216(b) for FLSA claims and the opt-out procedure for state law claims provided by Rule 23 as fitting the 'exceptional circumstances'/'other compelling reasons' language of section 1367(c)(4)," and further stating that "[w]hile there is unquestionably a difference . . . between opt-in and opt-out procedures, we doubt that a mere *procedural* difference can curtail section 1367's *jurisdictional* sweep").

As far as WellBoss's contention that an FLSA collective action, a New Mexico class action, and individual wage-and-hour claims under Colorado, North Dakota, Ohio, and Pennsylvania law are too complicated for one district judge to handle at one time, I have a one-word retort: hogwash. Handling this case on a day-to-day basis is United States District Judge George C. Hanks, Jr., a top-notch jurist with an extensive judicial background. A Harvard Law graduate, Judge Hanks was a state district court judge, a state court appellate judge, a United States Magistrate Judge, and now a United States District Judge. Given his keen intellect and ferocious work ethic, I am confident that Judge Hanks can juggle the numerous parties involved in the case, the myriad of legal issues, and the individual

assessment of damages. Truth be told, having one district court judge the stature of Judge Hanks govern these proceedings—instead of six separate judges—is an incredibly efficient use of the judiciary's resources.

## CONCLUSION

Considering the statutory factors set forth in section 1367(c), as well as the common-law factors of judicial economy, convenience, fairness, and comity, I conclude that it is appropriate for this Court to exercise supplemental jurisdiction over Plaintiffs' state-law claims. As I have explained above, Plaintiffs' state-law claims raise neither novel nor complex issues of state law, they do not predominate over the FLSA claims, and there are no exceptional circumstances that would justify refusing to hear the pendent state-law claims.

Accordingly, I recommend the Court **DENY** The WellBoss Company LLC's Motion for the Court to Deny Supplemental Jurisdiction Over Plaintiff's' State Law Claims. Dkt. 83.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from the receipt to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 30th day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE